USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/11/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

GEORGE P. NEUMANN, :

Plaintiff, :

- against - :

THOMAS IOVINO, JUDLAU CONTRACTING, INC. and SPEARIN PRESTON & BURROWS, INC., :

Defendants. :

- - - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

06 Civ. 11367 (DC)

**APPEARANCES:**

COUGHLIN DUFFY LLP
Attorneys for Plaintiff
By: Kevin T. Coughlin, Esq.
Mark K. Silver, Esq.
88 Pine Street, Fifth Floor
Wall Street Plaza
New York, New York 10005

WACHTEL & MASYR, LLP
Attorneys for Defendants
By: John H. Reichman, Esq.
110 East 59th Street
New York, New York 10022

**CHIN, D.J.**

In this diversity case, plaintiff George P. Neumann sues defendants Thomas Iovino ("Iovino"), Judlau Contracting, Inc. ("Judlau"), and Spearin Preston & Burrows, Inc. ("Spearin") (collectively, "defendants") for breach of contract and unjust enrichment. Neumann alleges that defendants agreed to make five annual payments to him of $54,968.20. He alleges further that defendants failed to make the first payment and then expressly repudiated the agreement, causing the four remaining payments to

become immediately due. Neumann seeks to recover all five payments, which total well more than the $75,000 amount in controversy necessary for diversity jurisdiction. Defendants move to dismiss the complaint, arguing that Neumann can recover only the first of the five annual payments and that, as a consequence, the Court lacks subject matter jurisdiction because the amount in controversy is less than $75,000. For the reasons set forth below, the motion is denied.

## BACKGROUND

### A. Facts

For purposes of this motion, the facts in the complaint are assumed to be true and are construed in the light most favorable to plaintiff.

On February 29, 2000, Neumann entered into a stock purchase agreement (the "Agreement") selling his shares of Spearin stock to various entities, including Modern Continental Construction Company ("Modern"). (Compl. ¶¶ 8-9). Pursuant to the Agreement, Neumann was to receive a payment every September from 2001 through 2005 of 15% of Spearin's pre-tax earnings for the fiscal years ending June 2001, 2002, 2003, 2004, and 2005, respectively. (Id. ¶ 10).

In November 2005, Judlau and Iovino entered into an agreement to purchase the shares of Spearin stock from Modern.

The agreement required approval of defendants' banks and surety companies and was contingent upon Neumann's signing a release agreement (the "Release"). (Id. ¶¶ 11-13). In November 2005, Neumann signed the Release, which provided that Spearin was obligated to pay Neumann 15% of its pre-tax earnings for the fiscal year ending June 30, 2005, estimated in the Release to be $474,841. (Id. ¶ 14). Spearin was to pay Neumann $200,000 upon the closing of the purchase agreement between Modern and Judlau/Iovino and the remaining balance, together with interest, in five annual payments due June 2006, 2007, 2008, 2009, and 2010, respectively, which were estimated in the Release to be $54,968.20 each. (Id. ¶ 15). Judlau and Iovino, jointly and severally, guaranteed these payments. (Id. ¶ 16).

Neumann received the initial payment of $200,000 in accordance with the Release. (Id. ¶ 18). The first annual payment, due in June 2006, was never made. (Id. ¶ 19). Neumann alleges that defendants repudiated the Release in July 2006, when, in response to Neumann's inquiry regarding the missing payment, Iovino stated that defendants had no intention of paying Neumann the amount past due or any amount due in the future. (Id. ¶¶ 21-22).

Jurisdiction is based solely on diversity of citizenship. (Id. ¶¶ 6-7). Neumann is a citizen of New Jersey. (Id. ¶ 2). Iovino is a citizen of New York. (Id. ¶ 3). Judlau

is incorporated in New York and has its principal place of business in New York. (Id. ¶ 4). Spearin is incorporated in Massachusetts and has its principal place of business in New York. (Id. ¶ 5).

**B. Prior Proceedings**

Neumann commenced this action on October 25, 2006 asserting causes of action for breach of contract and unjust enrichment. Neumann sues defendants' failure to make the June 2006 payment and its purported repudiation of its obligation to make the June 2007, 2008, 2009, and 2010 payments. (Id. ¶¶ 24-39). Neumann brings further breach of contract claims against Iovino and Judlau based on the provision in the Release whereby they guaranteed all the payments. (Id. ¶¶ 40-48, 49-57). Neumann asserts the unjust enrichment claim against all defendants, alleging that they have not paid for the benefits that they received under the Release. (Id. ¶¶ 58-62). Neumann seeks to recover $274,841, the total of the five payments as estimated in the Release, together with interest, any other damages proven at trial, and the costs of the action. (Id. ¶ 63(a)).

This motion followed.

**DISCUSSION**

Defendants argue that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed

$75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a).

**A. Applicable Law**

**1. Federal Subject Matter Jurisdiction**

Under 28 U.S.C. § 1332(a), the federal district courts have original jurisdiction over all civil actions where there is diversity of citizenship between the parties and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). As the party "seeking to invoke the subject matter jurisdiction of the district court," Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996), the plaintiff must demonstrate by a preponderance of the evidence that there is subject matter jurisdiction. Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). The plaintiff's burden to prove the amount in controversy is "hardly onerous." Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394, 397 (2d Cir. 2003). The plaintiff need only show "to a reasonable probability" that his claim exceeds the statutory jurisdictional minimum. Id. (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1975) (internal quotations omitted)). There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Id. (quoting Wolde-Meskel v. Vocational Instruction Project Cmty.

Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999)).

**2. Rule 12(b)(1) Motion to Dismiss**

To prevail on a motion to dismiss for lack of subject matter jurisdiction on the grounds that the amount in controversy does not meet the statutory threshold, the defendant, as the party opposing jurisdiction, must overcome this "face-of-the-complaint presumption" and "show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." Scherer, 347 F.3d at 397 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938)); see also Tongkook, 14 F.3d at 784 ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (quoting St. Paul Mercury, 303 U.S. at 288-289). This is an exacting standard and "the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." Id. (quoting McDonald v. Patton, 240 F.2d 424, 426 (4th Cir. 1957)).

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), although "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," Guadagno v. Wallack Ader Levithan Assoc., 932 F.Supp. 94, 95 (S.D.N.Y. 1996), a court should "'constru[e] all

ambiguities and draw[ ] all inferences' in a plaintiff's favor." Aurecchione, 426 F.3d at 638 ("[I]t is well established that, in passing on a motion to dismiss . . . on the ground of lack of jurisdiction over the subject matter . . . the allegations of the complaint should be construed favorably to the pleader.") (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). Specifically, as to the amount in controversy, "[i]f the right of recovery is uncertain, the doubt should be resolved . . . in favor of the plaintiff." Tongkook, 14 F.3d at 785-786 (citing McDonald, 240 F.2d at 426).

When considering a 12(b)(1) motion, "[t]he jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits . . . . [E]ven where those allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982). Furthermore, the jurisdictional determination should not include an inquiry into the potential or probable success of an asserted defense. See Scherer, 347 F.3d at 397 ("Even where the complaint itself discloses the existence of a valid defense, we have declined to consider it in determining whether the jurisdictional threshold is met.") (internal quotations omitted); see also Ochoa v. Interbrew Am., Inc., 999 F.2d 626, 628 (2d Cir. 1993) ("[I]n determining whether

a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.")

**B. Application**

According to the face of the complaint, Neumann seeks to recover $247,841 -- consisting of the June 2006 payment of $54,968.20 that defendants failed to make, and the June 2007, 2008, 2009 and 2010 payments of $54,968.20 that Neumann alleges became due in July 2006 when Iovino purportedly expressly repudiated the Release. Based on these allegations in the complaint, I conclude that Neumann has met his burden of establishing to a reasonable probability that the amount in controversy exceeds $75,000.

Defendants contend that Neumann can recover only the June 2006 payment plus accrued interest and that accordingly, the amount in controversy does not exceed the statutory minimum. (Defs.' Mot. Dismiss at 6-8). They contend further, with respect to Neumann's allegation that all future payments became immediately due and recoverable when defendants expressly repudiated the Release, that the Release lacked an acceleration clause and that therefore anticipatory repudiation cannot be invoked. Hence, defendants contend, only the single, past due payment is recoverable. (Id.).

Defendants' argument fails because it is an attack on

the merits, not jurisdiction. When considering a jurisdictional challenge such as this, "district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses." See Ochoa, 999 F.2d at 628; see also Scherer, 347 F.3d at 397 ("[A]ffirmative defenses asserted on the merits' may not be used to whittle down the amount in controversy") (citation omitted); Zacharia, 684 F.2d at 202 ("[T]he existence of a valid defense does not deprive a federal court of jurisdiction."). Furthermore, because defendants do not allege that Neumann's claim was made in bad faith, the scope of the jurisdictional inquiry must be limited to the allegations in the complaint. See Ochoa, 999 F.2d at 630 ("[I]n considering challenges to the jurisdictional amount when there is no claim of bad faith in asserting the jurisdictional amount, courts are permitted only to assess the allegations in the plaintiff's complaint and are to refrain from adjudicating the merits of the case").

Defendants have not met their burden of establishing "to a legal certainty" that the amount in controversy is less than the jurisdictional requirement. Accordingly, the jurisdiction of this Court has been properly invoked.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

Defendants shall file their answer to the complaint within ten days of this Decision. Counsel for the parties shall appear for a pretrial conference on August 10, 2007 at 11:00 a.m.

SO ORDERED.

Dated: New York, New York
July 11, 2007

DENNY CHIN
United States District Judge